PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN MARTÍNEZ, Defendant and Appellant.

No. 3549.    Argued November 22, 1928.—Decided February 12, 1929.

*Pedro Baiges Gómez* for the appellant. *José E. Figueras* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The complaint in this case reads in part as follows:

"I, L. Sevillano, Captain of the Port, resident of Mayagüez, P. R., 25 Aduana St., 48 years of age, complain against Juan Martínez for violation of section 329 of the Penal Code, committed as follows: That on October 18, 1927, in Algarrobo Ward at the place called La Playita within the judicial district of Mayagüez, P. R., the said Juan Martínez, owner of a house situated on land belonging to the People of Porto Rico at the place called La Playita in the ward of Algarrobo of Mayagüez, P. R., unlawfully and maliciously and for the purpose of disturbing the comfort of the neigborhood and the free use of public lands, built a fence a few meters from his house having gates closed with padlocks whose keys are kept by the complainant or his tenants or men in charge, which fence incloses public lands formed by accretion caused by the sea and belonging to the People of Porto Rico.

"That the said fence is composed of large stakes driven into the ground, joined together with barbed wire and to the two gates."

Section 329 of the Penal Code, as amended by Act No. 60 of 1912, reads as follows:

"That anything which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal or basin, or any public park, square, street or highway, is a public nuisance: . . . ."

The judgment is as follows:

"On arraignment the defendant pleaded not guilty and after the

evidence for the prosecution had been heard the district attorney moved that the examination of the defendant's evidence be suspended and that an ocular inspection be made of the place where the acts complained of had been committed. The inspection was made and the case was called again for the continuation of the trial on January 27, 1928. After the evidence had been heard the attorney for the defendant moved for his acquittal on the ground that he was not guilty of the offense charged. After hearing the argument of both parties the court reserved decision until the 30th of January, 1928, when the rendition of judgment had to be postponed until this 6th day of February, 1928, on which the court overrules that motion and, consequently, in the presence of district attorney José R. Gelpí, the accused Juan Martínez and his attorney Pedro Baiges Gómez, finds the defendant guilty of the charge of maintaining a public nuisance consisting of building a fence and obstructing the free use of lands of the People of Porto Rico, the offense defined by section 329 of the Penal Code and punished by its section 330, and sentences defendant Juan Martínez for the said offense to pay a fine of five dollars and the costs, or to one day's imprisonment for each dollar left unpaid.''

The defendant appealed and contends in his brief that the complaint does not charge the commission of the offense defined and punished by said section 329 of the Penal Code, because it does not allege that the *free use* of the property was obstructed so as to interfere with the comfort of an entire community or neighborhood, or of any considerable number of persons.

Although the complaint could have been drafted in more positive terms, we believe that as it charges the defendant with building a fence for the purpose of disturbing the comfort of the neighborhood and the free use of public lands, it is sufficient. It should be remembered that it was a complaint and not an information.

The evidence was contradictory. The complainant testified in part as follows:

''A.—About the month of August or September of this year that gentleman (pointing to the defendant), who is the owner of a house built on land of the People of Porto Rico at the place called La Playita at Boca Morena in the ward of Algarrobo of Mayagüez, which

is public land, built a fence around the house and two gates closed with padlocks, thus obstructing public lands and interfering with the free passage. The keys of the padlocks are kept by the neighbors or by them. Although in the complaint I wrote 'complainant' I meant 'defendant' . . . . On the 20th of September, as keeper of that place I wrote him a letter requesting him to remove the fence, and as the fence, which is of barbed wire, was there and still is there, I made a complaint against him . . . . There are two lanes, one on the north side and another on the south side, but in order to cross from one side to the other, as the houses overlooking the sea have their fences built so as to leave a space around of from fifteen to twenty meters, starting from the house of the defendant towards that of Luisa Geyleger one passes from one end to the other . . . . The neighbors pass, according to the place they wish to reach, either by the north side or by the south side, and by the house of the defendant there is no thoroughfare . . . . I used to pass and so did policeman Candelario. That place was freely open to the public and there are several houses there, two of which belong to Luisa Delgado Geyleger; and that thoroughfare is also used by Minnie de Lange who has a garage there and has to pass from the houses to the garage. She was a witness but has not been able to come because she is in San Juan.''

Rafael Fernández, a health inspector and witness for the prosecution, testified as follows:

''A.—I was making an inspection of the houses in that neighborhood and was called by Sevillano who showed me the fence around the house of that gentleman (pointing to the defendant). I only saw the fence around the yard and he said to me: 'Look at that because I am going to call you as a witness.'

''Q.—If you desired to pass in that same direction, going from the north towards the south, could you pass?

''A.—No. The fence has two padlocked gates, one facing the north and another facing the south.''

The evidence for the defendant, consisting of the testimony of Juan E. Silva, José Martínez and attorney Baiges, tended to show that the fence, which had been there for years, was only rebuilt by the defendant and did not interfere with public traffic.

After making an ocular inspection whose result was not made to appear in the record and having before it for its

better information a map which we have not seen, the court adjusted the conflict against the defendant and it has not been shown that it was influenced by passion, prejudice or partiality.

The judgment appealed from must be affirmed.